UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JORDAN ANTHONY EISMAN                                                                          Plaintiff

v.                                            Civil Action No. 3:19-cv-P342-RGJ

ROBERT WATTS                                                                           Defendant

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss one claim, but will allow the other to proceed.

### **I. SUMMARY OF COMPLAINT**

Plaintiff Jordan Anthony Eisman is incarcerated at the Hardin County Detention Center (HCDC). He sues HCDC Sergeant Robert Watts in both his official and individual capacities.

Plaintiff alleges that on August 24, 2018, Defendant Watts used excessive force against him. He states:

> While being secured in the restraint chair in the booking dept at [HCDC], [Defendant] Watts in a aggressive, intentional manner grabbed my right wrist, hand, and fingers while still handcuffed, and began to pull and yank aggressively, once handcuffed, seeing I was in severe pain saying "my wrist, my wrist,'" crying he grabbed my right wrist and fingers and bent them back causing me to be in further pain. Once I was secured I stated I need to see a nurse. [Defendant] Watts said "your fine." Nursing arrived to check restraints and I told them I was in severe pain. [Defendant] Watts stated "he's fine, just clear his restraints." So they did, I continued to ask for medical attention, so [Defendant] Watts ordered I'd be placed in cell 121 while secured in the chair because "I was being disruptive."
>
> At 7:15 p.m. I was placed fully restrained in the chair in cell 121, from that point until [Defendant] Watts left at 11 pm approximately I requested medical attention from a trustee assigned to watch high risk individuals. At least 5 times before [Defendant] Watts told the inmate trustee "stop bothering me, he's fine, if you come down here to the office again I will roll you up and write you up." After

> [Defendant] Watts left I alerted a deputy who alerted Medical, which at 4 a.m. I was unsecured from the chair on 8/25/18, and had extreme swelling to my right wrist, hand, and fingers. Medical seen me on 8/25/18, noticed such swelling, and ordered x-rays. X-rays were completed on 8/26/2018 yielding no breaks or fractures. I continued to be in extreme swelling/pain for the next 7 days preventing me from moving/using my right wrist, hand, fingers.

Plaintiff also alleges that while he was secured in the restraint chair he asked to use the restroom, but that Defendant Watts refused to "unsecure me, so I had to poop and pee on myself and sit in it until the next shift came in around 11:30 p.m."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Watts is actually against Defendant Watts' employer, which is Hardin County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir.

2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Hardin County that caused his alleged injuries. The complaint alleges isolated occurrences affecting only Plaintiff and involving only Defendant Watts. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Watts for failure to state a claim upon which relief may be granted.

Based upon Plaintiff's allegations, however, the Court will allow a Fourteenth Amendment excessive-force claim to proceed against Defendant Watts in his individual capacity.[1] In allowing this claim to proceed, the Court passes no judgment on the merits of the claim or the ultimate outcome of this action.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Watts is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the individual-capacity excessive-force claim it is allowing to proceed.

Date:


cc: Plaintiff, *pro se*
    Defendant
    Hardin County Attorney
A961.011

---

[1] While the Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)).